1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BENJAMIN LEGREE,

11            Plaintiff,                    No. 2:12-cv-2504 JFM P

12        vs.

13   V. SINGH, Warden,

14            Defendant.                    ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil action and has requested

17   leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff, the only party to

18   appear in this action, has consented to proceed before a United States Magistrate Judge pursuant

19   to 28 U.S.C. § 636(c).  Plaintiff filed his initial pleading on a form petition for writ of habeas

20   corpus pursuant to 28 U.S.C. § 2254.  Plaintiff alleges that prison officials at California Medical

21   Facility in Vacaville, California (CMF) violated his constitutional rights by interfering with his

22   right to access the courts by failing to mail a petition for writ of habeas corpus to the United

23   States Supreme Court.  Plaintiff seeks injunctive relief in the form of an order permitting him to

24   file his habeas corpus claim in that Court.  The court construes this action as a civil rights action

25   pursuant 42 U.S.C. § 1983.

26   /////

                                                1

1       Plaintiff has not filed a certified copy of his prison trust account statement for the

2  six month period immediately preceding the filing of the complaint.  See 28 U.S.C. § 1915(a)(2).

3  For that reason, plaintiff's October 5, 2012 motion to proceed in forma pauperis will be denied

4  without prejudice.  Should plaintiff decide to proceed further with this action, he will be required

5  to submit a complete in forma pauperis application including a certified copy of his inmate trust

6  account statement.

7       The court is required to screen complaints brought by prisoners seeking relief

8  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

9  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

10  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

11  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

12  U.S.C. § 1915A(b)(1),(2).

13       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

15  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

16  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

18  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

19  Cir. 1989); Franklin, 745 F.2d at 1227.

20       Plaintiff alleges that in May 2009 he presented a writ of habeas corpus to staff at

21  CMF for mailing to the United States Supreme Court.  Plaintiff waited fourteen months and

22  received no confirmation that the writ had been received in that Court.  Thereafter, plaintiff

23  pursued prison administrative remedies, which he alleges revealed that the cost of mailing the

24  petition had been deducted from his inmate trust account but had never been mailed to the U.S.

25  Supreme Court.  Documents appended to plaintiff's initial pleading show that in the grievance

26  process prison officials found that $2.75 had been withdrawn from petitioner's account on May

13, 2009 for legal mail, no documentation confirming that the petition had been sent out could be found, and it was "likely" the petition was sent but since it had not been logged as outgoing mail the cost of the postage would be refunded to petitioner.  Ex. J to Initial Pleading, filed October 5, 2012 (Doc. No. 1), at 1-2.

In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions.  Lewis v. Casey, 518 U.S. at 351.  The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  Id. at 356. To state a cognizable claim, plaintiff must allege facts which, if proved, would show that defendants by their acts prevented him from bringing, or caused him to lose, an actionable claim of this type.  Id.

Review of documents appended to the petition and relevant dockets in the United States Court of Appeals for the Ninth Circuit and the U.S. Supreme Court shows the following. The claim at bar follows petitioner's 1997 conviction, pursuant to a no contest plea, to charges of second degree murder.  See Ex. B to Initial Pleading.  On May 10, 2009, petitioner signed a document styled as a petition for writ of habeas corpus to the United States Supreme Court, seeking to "appeal from denial of the United States Court of Appeals for the Ninth Circuit" and to file a petition for writ of habeas corpus alleging ineffective assistance of counsel.  Ex. A to Initial Pleading, at 1.  Specifically, petitioner sought to raise a claim that his counsel had provided ineffective assistance by advising petitioner that if he wanted adequate medical care his only option in the criminal proceedings against him was to plead guilty to second degree murder. Id.  Petitioner raised that claim in a federal petition for writ of habeas corpus which was denied by the United States District Court for the Northern District of California on November 14, 2001. Ex. F to Initial Pleading.  On October 23, 2002, that decision was affirmed by the United States

3

1    Court of Appeals for the Ninth Circuit.  Ex. E to Initial Pleading.  The docket of the United

2    States Supreme Court includes a case No. 06-7460, which is a petition for writ of habeas corpus

3    and motion for leave to proceed in forma pauperis filed by petitioner in that court on June 6,

4    2006.[1]  That petition was denied on November 27, 2006.  On January 23, 2009, the United States

5    Court of Appeals for the Ninth Circuit denied petitioner's application for leave to file a second or

6    successive habeas corpus petition.  Ex. G to Initial Pleading.

7         Plaintiff cannot show that any alleged failure to mail the May 2009 petition for

8    writ of habeas corpus to the United States Supreme Court caused him to lose an actionable

9    habeas corpus claim.  Petitioner lost the ineffective assistance counsel claim contained in the

10   May 2009 petition in 2001, when the United States District Court for the Northern District of

11   California denied the claim.  That decision was affirmed by the United States Court of Appeals

12   for the Ninth Circuit in 2002.  In 2006, the United States Supreme Court denied a petition for writ

13   of habeas corpus, the contents of which are unknown, filed by plaintiff in that Court.  Nearly

14   three years later, that United States Court of Appeals for the Ninth Circuit denied petitioner's

15   request for leave to proceed with a second or successive petition.  Even if it could be proved that

16   prison officials failed to mail the May 2009 petition for writ of habeas corpus to the U.S.

17   Supreme Court, there is no possibility that plaintiff could prevail on his claim that in so doing

18   prison officials caused him to lose the ineffective assistance of counsel claim that had already

19   been denied almost eight years earlier.

20        For the foregoing reasons, plaintiff has failed to state a claim upon which relief

21   may be granted and this action must therefore be dismissed.  See 28 U.S.C. § 1915A.

22        In accordance with the above, IT IS HEREBY ORDERED that:

23        1.  Plaintiff's October 5, 2012 motion to proceed in forma pauperis (Doc. No. 2) is

24   denied without prejudice.  Should plaintiff decide to proceed further with this action, he will be

25

26   _____

[1]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman,
803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

4

1   required to submit a complete in forma pauperis application including a certified copy of his

2   inmate trust account statement.

3           2.  This action is construed as a civil rights action pursuant to 42 U.S.C. § 1983

4   and, so construed, it is dismissed for failure to state a claim upon which relief may be granted.

5   <u>See</u> 28 U.S.C. § 1915A.

6   DATED: February 6, 2013.

7

8                                          UNITED STATES MAGISTRATE JUDGE

9

10   12

11   legr2504.dm

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5