IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN LEGREE,

       Plaintiff,                    No. 2:12-cv-2504 JFM P

       vs.

V. SINGH, Warden,

       Defendant.              <u>ORDER</u>

                          /

       On October 5, 2012, plaintiff, a state prisoner proceeding pro se, filed this civil action together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff, the only party to appear in this action, consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

       Plaintiff filed his initial pleading on a form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therein, he alleged that prison officials at California Medical Facility in Vacaville, California (CMF) violated his constitutional right to access the courts by failing to mail a petition for writ of habeas corpus to the United States Supreme Court. Plaintiff sought injunctive relief in the form of an order permitting him to file his habeas corpus claim in that Court. By order filed February 6, 2013, the court construed this action as a civil rights action pursuant 42 U.S.C. § 1983 and, so construed, dismissed the action for failure to state a

1

claim upon which relief may be granted.  See ECF No. 5.  The court also found that plaintiff had not filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint as required by 28 U.S.C. § 1915(a)(2) and therefore denied without prejudice plaintiff's October 5, 2012 motion to proceed in forma pauperis.  Id. at 2.  Plaintiff was informed that if he decided to proceed further with the action he would be required to submit a complete in forma pauperis application including a certified copy of his inmate trust account statement.  Id.   A judgment of dismissal was entered on February 6, 2013.

On March 8, 2013, plaintiff filed a letter and a new motion to proceed in forma pauperis.  In the letter, plaintiff states that he did have a copy of his prison trust account statement dated September 24, 2012.  It is not appended to the original motion to proceed in forma pauperis filed in this action.  Plaintiff's March 8, 2013 motion to proceed in forma pauperis includes a copy of a certified inmate trust account statement, is complete, and demonstrates that he is qualified to proceed in forma pauperis.  Accordingly, the motion will be granted.  For the reasons set forth infra, however, plaintiff has not shown grounds for reconsideration of the order dismissing this action.  Plaintiff is informed that if he decides to proceed further with this action by appealing this order to the United States Court of Appeals, he will by subsequent court order incur a liability in the full amount of the filing fee for this action ($350.00) and he may also incur a liability for the full amount of any appellate court filing fees, which would be payable pursuant to the provisions of 28 U.S.C. § 1915(b).

The February 6, 2013 order provided in relevant part:

> Plaintiff alleges that in May 2009 he presented a writ of habeas corpus to staff at CMF for mailing to the United States Supreme Court.  Plaintiff waited fourteen months and received no confirmation that the writ had been received in that Court.  Thereafter, plaintiff pursued prison administrative remedies, which he alleges revealed that the cost of mailing the petition had been deducted from his inmate trust account but had never been mailed to the U.S. Supreme Court.  Documents appended to plaintiff's initial pleading show that in the grievance process prison officials

found that $2.75 had been withdrawn from petitioner's account on May 13, 2009 for legal mail, no documentation confirming that the petition had been sent out could be found, and it was "likely" the petition was sent but since it had not been logged as outgoing mail the cost of the postage would be refunded to petitioner. Ex. J to Initial Pleading, filed October 5, 2012 (Doc. No. 1), at 1-2.

In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions. Lewis v. Casey, 518 U.S. at 351. The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356.  To state a cognizable claim, plaintiff must allege facts which, if proved, would show that defendants by their acts prevented him from bringing, or caused him to lose, an actionable claim of this type. Id.

Review of documents appended to the petition and relevant dockets in the United States Court of Appeals for the Ninth Circuit and the U.S. Supreme Court shows the following.  The claim at bar follows petitioner's 1997 conviction, pursuant to a no contest plea, to charges of second degree murder. See Ex. B to Initial Pleading. On May 10, 2009, petitioner signed a document styled as a petition for writ of habeas corpus to the United States Supreme Court, seeking to "appeal from denial of the United States Court of Appeals for the Ninth Circuit" and to file a petition for writ of habeas corpus alleging ineffective assistance of counsel. Ex. A to Initial Pleading, at 1.  Specifically, petitioner sought to raise a claim that his counsel had provided ineffective assistance by advising petitioner that if he wanted adequate medical care his only option in the criminal proceedings against him was to plead guilty to second degree murder. Id.  Petitioner raised that claim in a federal petition for writ of habeas corpus which was denied by the United States District Court for the Northern District of California on November 14, 2001. Ex. F to Initial Pleading.  On October 23, 2002, that decision was affirmed by the United States Court of Appeals for the Ninth Circuit. Ex. E to Initial Pleading. The docket of the United States Supreme Court includes a case No. 06-7460, which is a petition for writ of habeas corpus and motion for leave to proceed in forma pauperis filed by petitioner in that court on June 6, 2006.[1]  That petition was denied on November 27, 2006.  On January 23, 2009, the United States Court of Appeals for the Ninth Circuit denied petitioner's application for leave to file a

---

[1]  A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

1 second or successive habeas corpus petition. Ex. G to Initial
Pleading.

Plaintiff cannot show that any alleged failure to mail the May 2009 petition for writ of habeas corpus to the United States Supreme Court caused him to lose an actionable habeas corpus claim. Petitioner lost the ineffective assistance counsel claim contained in the May 2009 petition in 2001, when the United States District Court for the Northern District of California denied the claim. That decision was affirmed by the United States Court of Appeals for the Ninth Circuit in 2002. In 2006, the United States Supreme Court denied a petition for writ of habeas corpus, the contents of which are unknown, filed by plaintiff in that Court. Nearly three years later, that United States Court of Appeals for the Ninth Circuit denied petitioner's request for leave to proceed with a second or successive petition. Even if it could be proved that prison officials failed to mail the May 2009 petition for writ of habeas corpus to the U.S. Supreme Court, there is no possibility that plaintiff could prevail on his claim that in so doing prison officials caused him to lose the ineffective assistance of counsel claim that had already been denied almost eight years earlier.

Order filed February 6, 2013, at 2-6.

In the March 8, 2013 letter, plaintiff asserts that he "did not present his ineffective assistance of counsel claim to any court until after or about October 22, 2007, when petitioner found the case of Tollett v. Henderson" and, therefore, that the United States Supreme Court's 2006 decision did not include denial of an ineffective assistance of counsel claim. Letter, filed March 8, 2013 (ECF No. 7). Petitioner acknowledges that the United States Court of Appeals for the Ninth Circuit denied his request for leave to proceed with a second or successive petition. Id.

On review of the entire record in this action, the court finds that the claim raised by plaintiff in the petition for writ of habeas corpus denied by the United States District Court for the Northern District of California was a claim that his plea was involuntary and thus a denial of due process. See Ex. F to Ex. A to Initial Pleading, filed October 5, 2012 (ECF No. 1) at 52. That court identified the "key facts" in the case as that plaintiff, "believing he had only 3 to 6 months to live, entered a no contest plea to improve his chances of being released to a hospice

4

where he could receive a more compassionate death." Id. at 59.  The claim included evidence from state court proceedings that plaintiff "subjectively believed it was necessary to enter the plea in order to be released to a hospice where he could receive better medical care for his deteriorating AIDS condition." Id. at 56.  Transcripts from the state court proceedings cited by the federal district court included argument from plaintiff's criminal trial "that based on [a representation from the trial judge that he would not agree to [plaintiff]'s release to hospice absent a plea] she informed her client that he would have to enter the plea to be released to a hospice [and] . . . that she believed there was no other option at that point and advised her client accordingly." Id. at 55.  The evidence also included argument from plaintiff's trial counsel that "based on this advice, [plaintiff] subjectively felt compelled to enter the plea." Id.  Petitioner's claim was denied based on the federal court's determination that the state courts "did not unreasonably apply established federal law in determining that [plaintiff]'s plea was voluntary." Id. at 62.  The federal district court specifically found "no evidence that any external force was applied to [plaintiff]" and that his "motivation to enter the plea arose from an internal force, namely, his deteriorating medical condition." Id.  For that reason, the federal district court found that plaintiff's plea "was not coerced." Id.  The United States Court of Appeals for the Ninth Circuit affirmed that decision, finding that plaintiff had "not shown that the court's factual finding that he was aware of his options was an 'unreasonable determination of the facts' in the record." Ex. E to Ex. A to Initial Pleading (ECF No. 1) at 50.

As noted in the February 6, 2013 order, the United States Court of Appeals for the Ninth Circuit denied petitioner's application for leave to file a second or successive habeas corpus petition in January 2009.  Ex. G to Ex. A to Initial Pleading (ECF No. 1) at 66-67.  It appears that it was in this application that petitioner first sought leave to pursue an ineffective assistance of counsel claim.  See Letter filed March 8, 2013 (ECF No. 7).  It further appears, therefore, that the court's February 6, 2013 finding that plaintiff had lost his ineffective assistance of counsel claim eight years before prison officials allegedly failed to mail the May

5

2009 petition for writ of habeas corpus to the United States Supreme Court, see Order filed February 6, 2013 (ECF No. 5) at 4, was erroneous. For the reasons set forth infra, that does not, however, alter the conclusion that plaintiff failed to state a cognizable claim for relief in the initial pleading filed in this action.

The United States Supreme Court does not have original jurisdiction over federal petitions for writ of habeas corpus. See 28 U.S.C. § 1251. Such original jurisdiction lies in the federal district courts. See 28 U.S.C. § 1331. The January 2009 decision of the United States Court of Appeals to deny plaintiff's request to proceed with a second or successive habeas corpus petition precluded him from bringing his ineffective assistance of counsel claim in the district court. See 28 U.S.C. § 2244(b)(3). The court of appeals' order was not appealable to the United States Supreme Court. See 28 U.S.C. § 2244(b)(3)(E). Thus, because the United States Court of Appeals for the Ninth Circuit in January 2009 denied plaintiff authorization to proceed with a second or successive petition even if plaintiff could prove that prison officials failed to mail the May 2009 petition for writ of habeas corpus to the United States Supreme Court, there is no possibility that in so doing prison officials caused him to lose his ineffective assistance of counsel claim.

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's March 8, 2013 motion to proceed in forma pauperis is granted;

2. Plaintiff's March 8, 2013 letter is construed as a motion for reconsideration of the court's February 6, 2013 order dismissing this action;

3. The court's February 6, 2013 order is deemed amended by the findings set forth in this order; and

////

////

////

////

Case 2:12-cv-02504-JFM   Document 9   Filed 06/13/13   Page 7 of 7

4.  In all other respects plaintiff's March 8, 2013 motion for reconsideration is denied.

DATED: June 12, 2013

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

12
legr2504.rec

7