1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BENJAMIN LEGREE,

11                 Plaintiff,                    No. 2:12-cv-2504 JFM P

12          vs.

13   V. SINGH, Warden,

14                 Defendant.                    <u>ORDER</u>

15   _____/

16          On October 5, 2012, plaintiff, a state prisoner proceeding pro se, filed this civil

17   action together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  Plaintiff, the only party to appear in this action, consented to proceed before a United

19   States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

20          Plaintiff filed his initial pleading on a form petition for writ of habeas corpus

21   pursuant to 28 U.S.C. § 2254.  Therein, he alleged that prison officials at California Medical

22   Facility in Vacaville, California (CMF) violated his constitutional right to access the courts by

23   failing to mail a petition for writ of habeas corpus to the United States Supreme Court.  Plaintiff

24   sought injunctive relief in the form of an order permitting him to file his habeas corpus claim in

25   that Court.  By order filed February 6, 2013, the court construed this action as a civil rights

26   action pursuant 42 U.S.C. § 1983 and, so construed, dismissed the action for failure to state a

                                              1

1    claim upon which relief may be granted.  See ECF No. 5.  The court also found that plaintiff had

2    not filed a certified copy of his prison trust account statement for the six month period

3    immediately preceding the filing of the complaint as required by 28 U.S.C. § 1915(a)(2) and

4    therefore denied without prejudice plaintiff's October 5, 2012 motion to proceed in forma

5    pauperis. Id. at 2.  Plaintiff was informed that if he decided to proceed further with the action he

6    would be required to submit a complete in forma pauperis application including a certified copy

7    of his inmate trust account statement. Id.    A judgment of dismissal was entered on February 6,

8    2013.

9              On March 8, 2013, plaintiff filed a letter and a new motion to proceed in forma

10   pauperis.  In the letter, plaintiff states that he did have a copy of his prison trust account

11   statement dated September 24, 2012.  It is not appended to the original motion to proceed in

12   forma pauperis filed in this action.  Plaintiff's March 8, 2013 motion to proceed in forma

13   pauperis includes a copy of a certified inmate trust account statement, is complete, and

14   demonstrates that he is qualified to proceed in forma pauperis.  Accordingly, the motion will be

15   granted.  For the reasons set forth infra, however, plaintiff has not shown grounds for

16   reconsideration of the order dismissing this action.  Plaintiff is informed that if he decides to

17   proceed further with this action by appealing this order to the United States Court of Appeals, he

18   will by subsequent court order incur a liability in the full amount of the filing fee for this action

19   ($350.00) and he may also incur a liability for the full amount of any appellate court filing fees,

20   which would be payable pursuant to the provisions of 28 U.S.C. § 1915(b).

21             The February 6, 2013 order provided in relevant part:

22             Plaintiff alleges that in May 2009 he presented a writ of habeas
             corpus to staff at CMF for mailing to the United States Supreme
23           Court.  Plaintiff waited fourteen months and received no
             confirmation that the writ had been received in that Court.
24           Thereafter, plaintiff pursued prison administrative remedies, which
             he alleges revealed that the cost of mailing the petition had been
25           deducted from his inmate trust account but had never been mailed
             to the U.S. Supreme Court.  Documents appended to plaintiff's
26           initial pleading show that in the grievance process prison officials

2

found that $2.75 had been withdrawn from petitioner's account on May 13, 2009 for legal mail, no documentation confirming that the petition had been sent out could be found, and it was "likely" the petition was sent but since it had not been logged as outgoing mail the cost of the postage would be refunded to petitioner.  Ex. J to Initial Pleading, filed October 5, 2012 (Doc. No. 1), at 1-2.

In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions.  Lewis v. Casey, 518 U.S. at 351. The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  Id. at 356.  To state a cognizable claim, plaintiff must allege facts which, if proved, would show that defendants by their acts prevented him from bringing, or caused him to lose, an actionable claim of this type. Id.

Review of documents appended to the petition and relevant dockets in the United States Court of Appeals for the Ninth Circuit and the U.S. Supreme Court shows the following.  The claim at bar follows petitioner's 1997 conviction, pursuant to a no contest plea, to charges of second degree murder.  See Ex. B to Initial Pleading. On May 10, 2009, petitioner signed a document styled as a petition for writ of habeas corpus to the United States Supreme Court, seeking to "appeal from denial of the United States Court of Appeals for the Ninth Circuit" and to file a petition for writ of habeas corpus alleging ineffective assistance of counsel.  Ex. A to Initial Pleading, at 1.  Specifically, petitioner sought to raise a claim that his counsel had provided ineffective assistance by advising petitioner that if he wanted adequate medical care his only option in the criminal proceedings against him was to plead guilty to second degree murder.  Id.  Petitioner raised that claim in a federal petition for writ of habeas corpus which was denied by the United States District Court for the Northern District of California on November 14, 2001.  Ex. F to Initial Pleading.  On October 23, 2002, that decision was affirmed by the United States Court of Appeals for the Ninth Circuit.  Ex. E to Initial Pleading. The docket of the United States Supreme Court includes a case No. 06-7460, which is a petition for writ of habeas corpus and motion for leave to proceed in forma pauperis filed by petitioner in that court on June 6, 2006.[1]  That petition was denied on November 27, 2006.  On January 23, 2009, the United States Court of Appeals for the Ninth Circuit denied petitioner's application for leave to file a

---

[1]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

second or successive habeas corpus petition.  Ex. G to Initial
Pleading.

Plaintiff cannot show that any alleged failure to mail the May
2009 petition for writ of habeas corpus to the United States
Supreme Court caused him to lose an actionable habeas corpus
claim.  Petitioner lost the ineffective assistance counsel claim
contained in the May 2009 petition in 2001, when the United
States District Court for the Northern District of California denied
the claim.  That decision was affirmed by the United States Court
of Appeals for the Ninth Circuit in 2002. In 2006, the United
States Supreme Court denied a petition for writ of habeas corpus,
the contents of which are unknown, filed by plaintiff in that Court.
Nearly three years later, that United States Court of Appeals for
the Ninth Circuit denied petitioner's request for leave to proceed
with a second or successive petition.  Even if it could be proved
that prison officials failed to mail the May 2009 petition for writ of
habeas corpus to the U.S. Supreme Court, there is no possibility
that plaintiff could prevail on his claim that in so doing prison
officials caused him to lose the ineffective assistance of counsel
claim that had already been denied almost eight years earlier.

Order filed February 6, 2013, at 2-6.

In the March 8, 2013 letter, plaintiff asserts that he "did not present his ineffective

assistance of counsel claim to any court until after or about October 22, 2007, when petitioner

found the case of <u>Tollett v. Henderson</u>" and, therefore, that the United States Supreme Court's

2006 decision did not include denial of an ineffective assistance of counsel claim.  Letter, filed

March 8, 2013 (ECF No. 7).  Petitioner acknowledges that the United States Court of Appeals

for the Ninth Circuit denied his request for leave to proceed with a second or successive petition.

<u>Id.</u>

On review of the entire record in this action, the court finds that the claim raised

by plaintiff in the petition for writ of habeas corpus denied by the United States District Court

for the Northern District of California was a claim that his plea was involuntary and thus a denial

of due process.  <u>See</u> Ex. F to Ex. A to Initial Pleading, filed October 5, 2012 (ECF No. 1) at 52.

That court identified the "key facts" in the case as that plaintiff, "believing he had only 3 to 6

months to live, entered a no contest plea to improve his chances of being released to a hospice

4

1   where he could receive a more compassionate death." Id. at 59.  The claim included evidence

2   from state court proceedings that plaintiff "subjectively believed it was necessary to enter the

3   plea in order to be released to a hospice where he could receive better medical care for his

4   deteriorating AIDS condition." Id. at 56.  Transcripts from the state court proceedings cited by

5   the federal district court included argument from plaintiff's criminal trial "that based on [a

6   representation from the trial judge that he would not agree to [plaintiff]'s release to hospice

7   absent a plea] she informed her client that he would have to enter the plea to be released to a

8   hospice [and] . . . that she believed there was no other option at that point and advised her client

9   accordingly." Id. at 55.  The evidence also included argument from plaintiff's trial counsel that

10   "based on this advice, [plaintiff] subjectively felt compelled to enter the plea." Id.  Petitioner's

11   claim was denied based on the federal court's determination that the state courts "did not

12   unreasonably apply established federal law in determining that [plaintiff]'s plea was voluntary."

13   Id. at 62.  The federal district court specifically found "no evidence that any external force was

14   applied to [plaintiff]" and that his "motivation to enter the plea arose from an internal force,

15   namely, his deteriorating medical condition." Id.  For that reason, the federal district court found

16   that plaintiff's plea "was not coerced." Id.  The United States Court of Appeals for the Ninth

17   Circuit affirmed that decision, finding that plaintiff had "not shown that the court's factual

18   finding that he was aware of his options was an 'unreasonable determination of the facts' in the

19   record." Ex. E to Ex. A to Initial Pleading (ECF No. 1) at 50.

20            As noted in the February 6, 2013 order, the United States Court of Appeals for the

21   Ninth Circuit denied petitioner's application for leave to file a second or successive habeas

22   corpus petition in January 2009. Ex. G to Ex. A to Initial Pleading (ECF No. 1) at 66-67.  It

23   appears that it was in this application that petitioner first sought leave to pursue an ineffective

24   assistance of counsel claim. See Letter filed March 8, 2013 (ECF No. 7).  It further appears,

25   therefore, that the court's February 6, 2013 finding that plaintiff had lost his ineffective

26   assistance of counsel claim eight years before prison officials allegedly failed to mail the May

1    2009 petition for writ of habeas corpus to the United States Supreme Court, <u>see</u> Order filed

2    February 6, 2013 (ECF No. 5) at 4, was erroneous.  For the reasons set forth <u>infra</u>, that does not,

3    however, alter the conclusion that plaintiff failed to state a cognizable claim for relief in the

4    initial pleading filed in this action.

5            The United States Supreme Court does not have original jurisdiction over federal

6    petitions for writ of habeas corpus.  <u>See</u> 28 U.S.C. § 1251.  Such original jurisdiction lies in the

7    federal district courts.  <u>See</u> 28 U.S.C. § 1331.  The January 2009 decision of the United States

8    Court of Appeals to deny plaintiff's request to proceed with a second or successive habeas

9    corpus petition precluded him from bringing his ineffective assistance of counsel claim in the

10   district court.  <u>See</u> 28 U.S.C. § 2244(b)(3).  The court of appeals' order was not appealable to the

11   United States Supreme Court.  <u>See</u> 28 U.S.C. § 2244(b)(3)(E).  Thus, because the United States

12   Court of Appeals for the Ninth Circuit in January 2009 denied plaintiff authorization to proceed

13   with a second or successive petition even if plaintiff could prove that prison officials failed to

14   mail the May 2009 petition for writ of habeas corpus to the United States Supreme Court, there

15   is no possibility that in so doing prison officials caused him to lose his ineffective assistance of

16   counsel claim.

17           For all of the foregoing reasons, IT IS HEREBY ORDERED that:

18               1.  Plaintiff's March 8, 2013 motion to proceed in forma pauperis is granted;

19               2.  Plaintiff's March 8, 2013 letter is construed as a motion for reconsideration of

20   the court's February 6, 2013 order dismissing this action;

21               3.  The court's February 6, 2013 order is deemed amended by the findings set

22   forth in this order; and

23   ////

24   ////

25   ////

26   ////

1        4.  In all other respects plaintiff's March 8, 2013 motion for reconsideration is

2   denied.

3   DATED: June 12, 2013

4

5                                        ALLISON CLAIRE
                                         UNITED STATES MAGISTRATE JUDGE
6

7   12
    legr2504.rec

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

7